**E-FILED**
Thursday, 26 May, 2016  04:02:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ERIK JOHNSON, a resident of the | ) | |
| State of Illinois, and SURFACERS, INC., | ) | Case No. |
| an Iowa corporation, | ) | |
| | ) | |
| Plaintiffs. | ) | |

COMPLAINT FOR DECLARATORY JUDGMENT
CONCERNING COURT APPROVAL OF SETTLEMENT AGREEMENT

NOW COME the Plaintiffs, ERIK JOHNSON, a resident of the State of Illinois ("Johnson"),  by and through his attorneys, McDonald Woodward & Carlson, P.C., and SURFACERS, INC., an Iowa corporation ("Surfacers"), by and through its attorneys, Califf & Harper, P.C., pursuant to Rule 57 of the FRCP, and for their Complaint for Declaratory Judgment state as follows:

Introduction

1.      Surfacers is an Iowa corporation, with their primary place of business located in Port Byron, Illinois.

2.      Surfacers performs transport work in the Quad Cities Area.

3.      Johnson is a resident of the State of Illinois.

4.      Johnson was employed by Surfacers from on or about April 28, 2010, until on or about September 24, 2014, when his employment was terminated.

5.      During the time Johnson was employed by Surfacers, he worked as a dump truck driver.

6.      After he was terminated, Johnson, through his attorneys, made a demand against Surfacers for compensation under the Fair Labor Standards Act, 29 U.S.C § 201 et seq. ("FLSA").

1

7.      After exchanging correspondence and information through their attorneys, and meeting for a settlement conference on April 25, 2016, Johnson and Surfacers entered into a private settlement agreement.

8.      The parties now appear before this Court to request that their settlement agreement be approved in accordance with federal statute and court precedent.

<u>Jurisdiction and Venue</u>

9.      Surfacers and Johnson bring this action pursuant to the FLSA, 29 U.S.C § 201 et seq., and federal court precedent interpreting the FLSA, which holds that private settlement agreements seeking to resolve FLSA claims must be approved by the Secretary of the U.S. Department of Labor or a federal district court in order to be enforceable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (cited by the Seventh Circuit in *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) and the United States District Court for the Northern District of Illinois, Eastern Division in *Butler v. Am. Cable & Tel., LLC*, 2011 U.S. Dist. LEXIS 115506, *30 (N.D. Ill. 2011)). *See Adams v. Walgreen Co.*, 2015 U.S. Dist. LEXIS 86425, *3 (E.D. Wis. 2015) (stating "[c]ourt approval of FLSA settlements—consistent with the Eleventh Circuit's holding in *Lynn's Food Stores* — is the norm across most circuits, including the Seventh.").

10.     According to *Lynn's Food Stores* and its progeny, private settlement agreements releasing FLSA claims must be fair and reasonable to be enforceable. *See Butler*, *supra,* 2011 U.S. Dist. at *30.

11.     This action therefore raises a federal question, namely, whether the private settlement entered into by Surfacers and Johnson, in which Johnson releases his FLSA claims, is a fair and reasonable resolution of a bona fide dispute.

2

12.     This Court therefore has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, which gives this court original jurisdiction of all civil actions arising under the laws of the United States.

13.     This Court has personal jurisdiction over the parties because the home office of Surfacers is located in Illinois, Johnson resides in Illinois, and the parties hereby submit themselves to the court's jurisdiction.

14.     Venue is proper in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. § 1391, because the parties reside in this judicial district, and a substantial part of the events giving rise to the parties' dispute occurred in this judicial district.

<u>Nature of Dispute</u>

15.     On September 24, 2015, Johnson, through his attorney, made a demand against Surfacers alleging violations of the FLSA.

16.     Specifically, respecting the FLSA, Johnson alleged that he was not paid for the following:

        a.     Shop time;

        b.     Travel time; and

        c.     Refueling time.

17.     Johnson alleged that, due to Surfacers' actions, a court would find a violation of the FLSA.

18.     Surfacers, through its attorney, responded to Johnson's attorney on October 9, 2015, stating that Surfacers did not violate the FLSA.

19.     Over the next several months, between October 2015 and April 2016, the parties exchanged extensive correspondence and substantial information pertaining to the job sites

where Johnson travelled, the type of work he performed, and the hours he worked during his employment with Surfacers.

20.     On April 25, 2016, Johnson and Surfacers, along with their attorneys, met for a private settlement conference.

21.     On April 25, 2016, at the settlement conference, Johnson and Surfacers settled their dispute by executing a Settlement Agreement and Release ("Settlement Agreement and Release"), a copy of which is attached as <u>Exhibit A.</u>

22.     The parties agreed to divide the settlement payment into several portions:

      a.     A portion of the settlement agreement is for compensatory damages payable to Johnson.

      b.     A portion of the settlement payment is for liquidated damages payable to Johnson.

      c.     A portion of the settlement payment is for attorney fees.

      d.     A portion of the settlement payment is payable toward a child support lien.

Resolution of Dispute

23.     Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), which has been cited favorably in the Seventh Circuit, a Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions in order for the settlement agreement to be enforceable. *See Butler v. Am. Cable & Tel., LLC*, 2011 U.S. Dist. LEXIS 115506, *30 (N.D. Ill. 2011).

24.     In determining whether a settlement agreement releasing FLSA claims is fair and reasonable, courts often consider factors such as the following: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the

4

ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement amount in light of the best possible recovery; and (7) the range of reasonableness of the settlement amount in light of all the risks of litigation. *Butler, LLC*, 2011 U.S. Dist. LEXIS at 30; *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010). Additional factors considered by other federal courts include 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; and 3) the opinions of the counsel. *King v. My Online Neighborhood*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)).

25.     If this case were to proceed in court, questions of fact and law exist that place the ultimate outcome of the litigation in doubt; questions exist as to Johnson' job duties and responsibilities, the time it took for him to complete them, and whether the type of vehicle used by Johnson and the performance of those job duties made Johnson exempt from the overtime provisions of the FLSA.

26.     Additional issues exist regarding how much work, including overtime work, Johnson performed, with neither party having contemporaneous records relating to the claim.

27.     The parties anticipate that litigation of the legal and fact issues raised by Johnson's claims and Surfacers' defenses would likely take more than one year, and would involve significant inconvenience, expense and risk to both parties.

28.     The parties, each represented by experienced counsel, agree that the settlement is fair and reasonable, and the settlement was reached after the voluntary exchange of information between the parties, through their attorneys, related to Johnson' work hours and work duties.

## Prayer for Relief

WHEREFORE, based on the foregoing, the Plaintiff, Surfacers, an Iowa corporation, and

Erik Johnson, an Illinois resident, pray for a judgment declaring and confirming the parties'

settlement agreement concerning Johnson's FLSA claim to be fair and reasonable.  The parties

further request a speedy hearing of this uncontested declaratory judgment matter, as permitted

under Rule 57 of the FRCP.

Erik Johnson, Plaintiff                                    Surfacers, Inc., Plaintiff


         /s/ Heather L. Carlson                                    /s/ Sigrid U. Zaehringer
By:_____            By: _____
        Heather L. Carlson                                    Sigrid U. Zaehringer
For:    McDonald, Woodward & Carlson, P.C.       For:    Califf & Harper, P.C.

Heather L. Carlson                                        Sigrid U. Zaehringer
McDonald, Woodward & Carlson, P.C.               Arthur W. Eggers
3432 Jersey Ridge Road                                CALIFF & HARPER, P.C.
Davenport, IA 52807                                    506 15th Street, Suite 600
Telephone:    (563) 355-6478                        Moline, Illinois 61265
Email:        hcarlson@mwilawyers.com          Telephone:    (309) 764-8300
                                                              Email:        szaehringer@califf.com
                                                                            aeggers@califf.com

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ERIK JOHNSON, a resident of the | ) | |
| State of Illinois, and SURFACERS, INC., | ) | Case No. |
| an Iowa corporation, | ) | |
| | ) | |
| Plaintiffs. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that a copy of the Complaint for Declaratory Judgment Concerning Court Approval of Settlement Agreement was filed with the Clerk of Court using the CM/ECF system on the 25th day of May, 2016.

*/s/Sigrid U. Zaehringer*

By:_____

Sigrid U. Zaehringer
For Califf & Harper, P.C.

Sigrid U. Zaehringer
Arthur W. Eggers
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, IL 61265
Telephone: 309-764-8300
Fax: 309-764-3448
Email: aeggers@califf.com
Email: szaehringer@califf.com