*Confidential* COPY

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between SURFACERS, INC., hereinafter referred to as "Employer," and ERIK JOHNSON, hereinafter referred to as "Johnson."

WHEREAS, Johnson was employed by Employer until on or about September 24, 2014 at which time his employment was terminated;

WHEREAS, the parties desire to settle fully and finally any and all differences between them.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1.  Employer shall pay to Johnson, in addition to any wages or benefits already paid, the sum of ~~eight thousand, two hundred and forty-three dollars and seventy-six cents~~ *twenty thousand and 00/100 dollars* ~~($8,243.76)~~ *$20,000.00*, less customary payroll withholding, two thousand ($2,000.00) of which shall be paid to Heather Carlson (with an IRS Form 1099 to accompany such payment), withholding for child support in the amount owed at the time of payment of settlement pursuant to Notice of Child Support Lien, which shall be paid to the Collection and Asset Recovery Unit, P.O. Box 19152, Springfield, IL 62794-9152 for child support in connection with *Landry f/k/a Wuestenberg v. Johnson*, Case No. 2010 MR 172, and the balance shall be paid to Johnson after expiration of the periods of time stated in 3(c)(6) and 3(c)(7) of this Settlement Agreement and

*$10,000 of the $20,000 is for damages for liquidated damages*

1

after court approval of this Settlement Agreement and Release due to a Petition for Declaratory Judgment filed by the Employer.

2.  This Settlement Agreement shall not be in effect until Employer has received a Court Order approving this Settlement Agreement pursuant to a Petition for Declaratory Judgment.

3.  GENERAL RELEASE BY JOHNSON

(a)  In consideration of the payment made by Employer, as set forth in Section 1 above, Johnson hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which Johnson now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of Johnson's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended; the Employee Retirement Income Security Act, as amended; the Fair Labor Standards

Act as amended, the Illinois Minimum Wage Law, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits. The above release does not include any amount to which Johnson may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

(b)    Johnson acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, Johnson acknowledges that he has received all vacation benefits he is entitled to receive and Johnson also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)    IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, JOHNSON IS AWARE OF THE FOLLOWING:

> (1.)    HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;
>
> (2.)    HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;
>
> (3.)    THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;
>
> (4.)    THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;
>
> (5.)    HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;
>
> (6.)    HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND

  (7.) **HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.**

  4. The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown or unasserted claims, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

  5. In further consideration for this Agreement, Johnson agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer. Notwithstanding the foregoing, this Agreement does not prevent Johnson from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

  By signing this Agreement, Johnson agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

  If a claim, charge or lawsuit is filed against any of the Company Releasees by Johnson (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer,

Johnson hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.   Johnson and Employer agree to keep the nature, terms and conditions of this Agreement strictly confidential, except that Johnson and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and Johnson may additionally share such information with members of his immediate family consisting of his spouse and children, if any. Johnson further agrees to instruct any such individual who Johnson may inform of the nature, terms and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality. In the event that Johnson violates this section, he agrees to pay Employer liquidated damages in an amount equal to the payments he received under this Agreement, including reasonable attorney fees and costs to collect such damages.

7.   Johnson and Employer providing this Agreement to the Court for approval is not a violation of this Agreement.

8.   In further consideration for this Agreement, Johnson is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.   This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10. Johnson acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12. The parties to this Agreement understand, acknowledge and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

Surfacers, Inc.
BY: _____
Its President
Date: 4/25/2016

_____
Erik Johnson
Date: 4-25-16