UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ERIK JOHNSON,

    Plaintiff,

v.

SURFACERS, INC.,

    Defendant.

No. 4:16-cv-04094-SLD-JEH

ORDER

Plaintiff Erik Johnson filed suit under the Fair Labor Standards Act, 29 U.S.C. § 201, ("FLSA") against Surfacers, Inc. ("Surfacers"). The parties filed a Joint Motion for Order Approving Settlement Agreement and Dismissal with Prejudice, requesting (1) the Court's review and approval of a settlement agreement, (2) dismissal of the case with prejudice, and (3) that the Court retain jurisdiction to enforce the settlement. ECF No. 4. The present order addresses the request for settlement approval and the request that this Court retain jurisdiction over the settlement.

**BACKGROUND**

The original filing, a Complaint for Declaratory Judgment Concerning Court Approval of Settlement Agreement, ECF No. 1, was submitted jointly by the parties, who both identified themselves as plaintiffs. *See* Compl. Decl. J. 1. The parties had already executed their settlement agreement prior to filing the complaint, and sought approval of the agreement as "fair and reasonable." Compl. Decl. J. 2. The parties invoked 28 U.S.C §1331 as the basis for jurisdiction for declaratory relief, alleging that because the settlement agreement arose out of Johnson's claim that Surfacers violated the Fair Labor Standards Act, that the claim is one "arising under the laws of the United States." Compl. Decl. J. 3. The Court indicated to the

1

parties that their filing did not comply with the Federal Rules of Civil Procedure and provided no case or controversy upon which the Court could grant relief. *See* Jun. 7, 2016 Order, ECF No. 2. Upon the Court's order, the Complaint was dismissed, refiled, and styled as an Amended Complaint for Declaratory Judgment Concerning Court Approval of Settlement Agreement, ECF No. 3, with Johnson designated as Plaintiff and Surfacers, Inc. as Defendant. The parties then moved jointly for (1) approval of the settlement and (2) dismissal with prejudice and (3) asked the Court to retain jurisdiction to enforce the terms of the Settlement. Joint Mot., ECF No. 4.

## ANALYSIS

### I.  Approval of Settlement Agreement

A threshold question to address is whether the Seventh Circuit requires approval by a district court of FLSA settlement agreements between employers and employees. The parties argue that the holding in an Eleventh Circuit case, *Lynn's Food Stores*, has been adopted in the Seventh Circuit and requires the Court to determine whether their settlement agreement resolving the plaintiff's FLSA claims is a "fair and reasonable resolution of a bona fide dispute." Joint Mem. 2, ECF No. 5. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). Undoubtedly, the history and purpose of the Fair Labor Standards Act evince a wariness of private agreements regarding wage and hour disputes, borne of the desire to protect employees who find themselves at an unevenly balanced bargaining table with powerful employers. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Several circuits have followed the interpretation offered by *Lynn's Food Stores*, reading FLSA, specifically § 216(b) and (c), to strictly require for unpaid wage and overtime cases (1)

oversight of a settlement by the Department of Labor, or (2) approval of the settlement by a district court. *See e.g., Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016) (holding that "FLSA falls within the 'applicable federal statute' exception to Rule 41(a)(1)(A), such that the parties may not stipulate to the dismissal of FLSA claims with prejudice without the involvement of a court or the DOL"); *Seminiano v. Xyris Enter., Inc.*, No. 13-56133, 602 F. App'x 682, 683 (9th Cir. May 12, 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."). *But see Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (holding generally that FLSA claims may not be waived and that settlements must be approved, but noting an exception for private agreements where a "bona fide dispute" exists as to the number of hours worked and employees have received some compensation for the disputed hours).

The Seventh Circuit has spoken in dicta about the implied requirement that courts approve settlements of disputes about pay, noting that FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements.")  Without more elaboration from the Court of Appeals as to whether it would recognize a "bona fide dispute" exception similar to the one in the Fifth Circuit, the Court will adopt the approach of requiring settlement approval to ensure a fair and reasonable resolution of the dispute. *See Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

In order to determine whether the $20,000 settlement is "fair and reasonable," the parties must present additional information about the value of Plaintiff's claims that he was not paid for shop, travel and refueling time. Amended Compl. 3; *see e.g. Butler*, 2011 WL 4729789 at *11 (holding that enough evidence was provided for Court to make a "ballpark valuation" of plaintiffs' claims when it was presented with work orders showing average numbers of hours worked in comparison with the plaintiffs' estimate of the hours worked).

The Court therefore requests that the parties provide information regarding Plaintiff's hourly and overtime rate for the time period Plaintiff alleges he was not paid in compliance with the FLSA. The parties indicate they do not have contemporaneous records relating to Plaintiff's claim and that there are "questions" regarding Johnson's duties and responsibilities, whether the type of vehicle he used exempted him from certain provisions of FLSA, and an absence of records leading to difficulties calculating how much overtime Johnson worked. Joint Mem. 3. However, without some way of assessing Plaintiff's claim, there is no way to determine the settlement was fair and reasonable.

## II.     Retention of Jurisdiction to Oversee Settlement

Despite the fact the parties' leading case endorses stipulated judgment once the court approves settlement, *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, the parties have requested the Court to dismiss the case with prejudice and "retain jurisdiction" to enforce the terms of the agreement. Joint Mot. 1. A court cannot simply "retain jurisdiction" by a mere statement that it intends to enforce a settlement agreement. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006) (holding that district court's order that it "retained jurisdiction" to enforce settlement agreement was ineffectual after a dismissal of the underlying claim). This cautious approach by district courts stems from the fundamental tenet that

"[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokonnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Parties often stipulate to dismissal after settlement is reached, fully aware that if one of the parties breaches it, the forum for that breach of contract dispute is state court (unless there is diversity of citizenship or some other source of federal jurisdiction allows them to file a new suit in federal court). *See Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("A settlement agreement [absent additional measures] is enforced just like any other contract.") (citing *Kokkonen*, 511 U.S. at 380–81). Similarly, in *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006), the court sought to retain jurisdiction to enforce a settlement agreement after dismissing the case with prejudice. The Seventh Circuit reiterated its *Lynch* holding, stating that "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction . . . . (An exception is the inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings.)" *Shapo*, 463 F.3d at 643 (citation omitted).

The parties have not provided the legal basis by which this Court may retain jurisdiction over their agreement, *see* LR-CDIL 7(B)(1). Any future request for the Court to retain jurisdiction must be accompanied by a legal argument that the Court has the authority to do so.

## CONCLUSION

The parties' Joint Motion for Order Approving Settlement, ECF No. 4, is DENIED with leave to refile if the parties provide the Court with information upon which it can make a determination of the fairness of the settlement, including the number of hours in shop time, travel time, and refueling time the plaintiff is claiming to have worked without pay, the compensation

he should have received for such time, and any dispute the Defendant has regarding Plaintiff's claims. Additionally, if the parties ask the Court to retain jurisdiction over this agreement, they must submit legal argument in support. The parties must submit new filings to the Court by December 9, 2014.

Entered November 23, 2016

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
