UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ERIK JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> SURFACERS, INC., <br><br> Defendant. | No. 4:16-cv-04094-SLD-JEH |

ORDER

Before the Court is the parties' Joint Motion for Order Approving Settlement Agreement and Dismissal with Prejudice, ECF No. 8.  Plaintiff Erik Johnson filed suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, ("FLSA") against Surfacers, Inc. ("Surfacers").  For the following reasons, the motion is GRANTED and the case is DISMISSED with prejudice.

BACKGROUND

The original filing, a Complaint for Declaratory Judgment Concerning Court Approval of Settlement Agreement, ECF No. 1, was submitted jointly by the parties, who both identified themselves as plaintiffs.  *See* Compl. 1.  The parties had already executed their settlement agreement prior to filing the complaint, and sought approval of the agreement as "fair and reasonable."  *Id.* at 2.  The Court indicated to the parties that their filing did not comply with the Federal Rules of Civil Procedure, and that it presented no case or controversy upon which the Court could grant relief.  *See* Jun. 7, 2016 Order, ECF No. 2.  Upon the Court's order, the Complaint was dismissed, refiled, now styled an Amended Complaint for Declaratory Judgment Concerning Court Approval of Settlement Agreement, ECF No. 3, with Johnson designated as Plaintiff and Surfacers, Inc. as Defendant.  In its November 23, 2016 Order, the Court determined, upon consideration of that amended filing, that it could not approve the settlement

1

without more information regarding the hours worked and rate of pay Johnson claimed was not paid to him in compliance with FLSA. Nov. 23, 2016 Order 3–4, ECF No. 6. The present Joint Motion for Approval of Settlement and Dismissal with Prejudice was filed on December 6, 2016 and answers the Court's request for further details regarding the settlement. ECF No. 7.

## ANALYSIS

### I. Approval of Settlement Agreement

The Court concluded in its previous order that the Seventh Circuit appears to favor judicial approval of settlements under FLSA in order to ensure a fair and reasonable resolution of the dispute. Nov. 23, 2016 Order 3. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements."); *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). In calculating missed wages, FLSA includes a two year lookback period that is extended to three years when the employer's violation of the statute is "willful." 29 U.S.C. § 255.

Complying with the Court's request in its previous Order, the parties have presented to the Court their respective valuations of Johnson's claim. The Court requested that the parties provide information such as "the number of hours in shop time, travel time, and refueling time the plaintiff is claiming to have worked without pay, the compensation he should have received

for such time, and any dispute the Defendant has regarding Plaintiff's claims." Nov. 23, 2016 Order 5–6.

Johnson provided a daily tabulation of his travel and shop time for the period between 2011 and 2014, including his hourly, overtime, and shop wages, taking into account changes in his hourly pay between 2012 and 2013. *See* Joint Mot. Approval Settlement, Ex. A, ECF No. 7-1. In total, Johnson calculated that he was owed $20,986.64 between September 2011 and September 2014. Joint Mot. Approval Settlement 4. Surfacers also made calculations using a daily log of Johnson's work activities, including his travel and shop time and the prevailing wage for each. The parties disagreed as to whether the two- or three-year lookback period applied. *See* Joint Mot. Approval 4. Johnson applied the three-year formulation, while Surfacers believed it was only responsible for the two-year period. Even when it took into account the possibility of a three-year lookback period, Surfacers calculated only $5,559.50 in potential unpaid wages. *See* Joint Mot. Approval Settlement, Exs. B; C, ECF Nos. 7-2;7-3. Part of the large disparity in the calculations is due to the fact that Johnson valued his shop time rate at $18.00 and $19.00 per hour, while Surfacers valued Johnson's shop time at $10.00 per hour. *Id.*

At the settlement conference, the parties agreed on a final amount of $20,000. Joint Mot. Approval Settlement 5. That the final settlement amount is much closer to Johnson's calculation of the amount owed is indicative that he has not bargained away any substantial portion of the wages to which he was allegedly entitled. *See Lynn's Food Stores*, 679 F.2d at 1352 (noting that FLSA exists to remedy the "great inequalities in bargaining power between employers and employees"). Both parties were represented by counsel at an in-person settlement meeting, and the parties concur that the settlement amount is fair and reasonable. After consideration of the calculations presented to the Court, and on the parties' attestation that the settlement is fair and

3

reasonable to both parties, the Court approves the settlement between Johnson and Surfacers for $20,000.

## CONCLUSION

Accordingly, the Joint Motion for Order Approving Settlement Agreement and Dismissal with Prejudice, ECF No. 8, is GRANTED, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court approves the settlement agreement and the case is dismissed with prejudice.

Entered April 26, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE